# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Sapphire Enterprises, LLC d/b/a As Seen on TV Plus and d/b/a As Seen on TV, by and through its Assignee, Madisyn Jecha, <br><br> Plaintiff, <br><br> v. <br><br> Allstate Insurance Company, <br><br> Defendant. | Civil Action No.: 2:20-cv-1054-MBS <br><br><br><br><br> **OPINION and ORDER** |

This matter comes before the court on Defendant Allstate Insurance Company's ("Defendant") Motion to Dismiss and for Judgment on the Pleadings (the "Motion"). ECF No. 15. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), (6) and 12(c). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the reasons explained below, the Motion is granted in part and the complaint is dismissed without prejudice.

## BACKGROUND

Sapphire Enterprises, LLC d/b/a As Seen on TV Plus and d/b/a As Seen on TV ("Sapphire"), by and through its Assignee Madisyn Jecha ("Ms. Jecha") (collectively, "Plaintiff"), brings this action for breach of contract and bad faith against Defendant, Sapphire's insurer. Ms. Jecha alleges that on multiple occasions between December 26, 2014 and August 31, 2015, when she was a minor, the manager of a retail store owned by Sapphire inappropriately touched and interacted with her, thereby causing her bodily harm. ECF No. 1-1 at 4. Ms. Jecha alleges that Sapphire "negligently screened, trained, tested, and/or managed its manager of the subject retail store and engaged in other negligent acts of omission and commission which created an

environment that permitted the manager to inappropriately touch and interact with Jecha resulting in bodily injury to Jecha." *Id.* On September 26, 2016, Pamela Miller, acting as Guardian ad Litem for Ms. Jecha, commenced a civil action in state court against Sapphire ("state action"). Sapphire requested a defense from Defendant and Defendant declined. ECF No. 1-1 at 5. The state action resulted in a default judgment against Sapphire in the amount of $8,000,000 in actual damages and $4,000,000 in punitive damages. *Id.* Judgment was entered August 30, 2017. *Id.*

Ms. Jecha's Guardian ad Litem thereafter initiated supplemental proceedings against Sapphire in state court, which the court referred to the Honorable Mikell R. Scarborough, Master-in-Equity for Charleston County. ECF No. 1-1 at 5. In resolution of those proceedings, Sapphire assigned to Ms. Jecha its rights against Defendant as settlement of the state court judgment. *Id.*

Plaintiff now brings this action to recover from Defendant under the Allstate Business Owners Policy numbered 648169925 (the "Policy"), under which Sapphire is the insured. ECF No. 1-1 at ¶¶ 5, 7. The Policy had effective dates of May 21, 2014 to May 21, 2015 and a renewal period of May 21, 2015 to May 21, 2016. *Id.* at ¶ 6. The Policy provides coverage to Sapphire up to $1,000,000 for liability resulting from bodily injury caused by an occurrence that takes place in the coverage territory during the Policy's effective dates. *Id.* at ¶ 8. Plaintiff alleges that in "failing and refusing" to defend Sapphire in the state action, Defendant breached its obligations under the Policy and breached its duty of good faith and fair dealing. *Id.* at 5-7.

Plaintiff filed the complaint in state court on February 6, 2020 and Defendant removed the action to this court on March 13, 2020. Defendant filed an answer to the complaint on March 30, 2020, ECF No. 5, which prompted the court to enter a scheduling order setting various pretrial dates and deadlines, ECF No. 6. The parties filed a joint Rule 26(f) Report on April 27, 2020, and the court entered an amended scheduling order the following day. ECF No. 14.

Defendant filed the Motion on July 21, 2020, ECF No. 15; Plaintiff filed a response in opposition on August 16, 2020, ECF No. 20; and Defendant filed a reply in support of the Motion on August 24, 2020, ECF No. 25. Plaintiff thereafter filed a supplemental memorandum in opposition to the Motion. ECF No. 26. Most recently, Plaintiff filed a motion to compel, ECF No. 27, to which Defendant filed a response, ECF No. 28, and Plaintiff filed a motion to seal, ECF No. 29.[1] On October 12, 2020, the parties filed a consent motion to amend the scheduling order. ECF No. 30. The court is sufficiently apprised of the issues and finds that a hearing would not materially aid in its adjudication of the Motion.

## LEGAL STANDARD

Under Rule 12(b)(2), the court may dismiss a case for lack of personal jurisdiction. "[A] defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). "The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Id.* at 268. Here, where the court addresses the personal jurisdiction question by reviewing only the parties' motions and briefs and the allegations in the complaint, Plaintiff "need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Id.* (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989)). While the court must construe all factual allegations in the light most favorable to the nonmoving party, the showing of personal jurisdiction "must be based on specific facts set forth in the record in order to defeat [a] motion to dismiss." *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306,

---

[1] The motion to seal seeks to restrict from public view an exhibit to the motion to compel, which exhibit Plaintiff has not yet filed on the docket.

310 (D.S.C. 1992). The court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, "without converting the motion to dismiss into a motion for summary judgment." *Id. See Grayson*, 816 F.3d at 268 (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993) (explaining that courts may consider affidavits from any party when applying the *prima facie* standard)). Ultimately, "a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence." *Grayson*, 816 F.3d at 268 (citing *Combs,* 886 F.2d at 676) (noting that "the burden [is] on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence").

Under Federal Rules of Civil Procedure 12(b)(4) and (5), a defendant may challenge the sufficiency of service of process. "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." *Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)). A plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. *Scott v. Maryland State Dep't of Labor*, 673 Fed. Appx. 299, 303 (4th Cir. 2016) (citing *Dickerson v. Napalitano*, 604 F.3d 732, 752 (2d Cir. 2010)). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(b)(2).[2]

---

[2] The court need not review the standards associated with Rules 12(b)(6) and 12(c) because, as explained below, the court does not reach Defendant's arguments raised under those Rules.

**DISCUSSION**

Defendant contends that Plaintiff failed to provide sufficient process pursuant to Rules 12(b)(4) and (5) and that such failure precludes the court from exercising personal jurisdiction over Defendant under Rule 12(b)(2). ECF No. 15. Defendant also argues that the statute of limitations on Plaintiff's breach of contract and bad faith claims has since run and that the court should therefore dismiss the complaint with prejudice under Rules 12(b)(6) and 12(c) as time barred.

Plaintiff responds that the court should disregard Defendant's arguments concerning insufficient process because Defendant has made a voluntary appearance in this action and elected to defend the action on the merits. ECF No. 20. Plaintiff contends that Defendant's conduct in this lawsuit evidences a waiver to any challenge to the court's exercise of personal jurisdiction over it. Plaintiff does not address Defendant's contentions regarding the statute of limitations.

**A.     Service on Defendant**

"[A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000). South Carolina law requires that the following procedure be followed for effecting service on insurance companies:

> The summons and any other legal process in any action or proceeding against it must be served on an insurance company as defined in Section 38-1-20, including fraternal benefit associations, by delivering two copies of the summons or any other legal process to the Director of the Department of Insurance, as attorney of the company with a fee of ten dollars, of which five dollars must be retained by the director to offset the costs he incurs in service of process and of which five dollars must be deposited to the credit of the general fund of the State. A company shall appoint the director as its attorney pursuant to the provisions of Section 38-5-70. This service is considered sufficient service upon the company. When legal process against any company with the fee provided in this section is served upon the director, he shall immediately forward by registered or certified mail one of the duplicate copies prepaid directed toward the company at its home office or, in case of a fraternal benefit association, to its secretary or corresponding officer at the head of the association.

S.C. Code Ann. § 15-9-270.  According to Defendant and uncontested by Plaintiff, Plaintiff filed a "Service/Acceptance of Service on Allstate Insurance Company" ("AOS"), on February 18, 2020, and the AOS reflects that the South Carolina Secretary of State accepted service of the summons and complaint on behalf of Defendant.  ECF No. 15-1 at 1-2; ECF No. 1-1 at 8.  As Defendant is a foreign insurance company, *see* ECF No. 1 at 3, this form and method of service was insufficient for effecting service on Defendant.  *See White Oak Manor, Inc. v. Lexington Ins. Co.*, 715 S.E.2d 383, 385-87 (S.C. App. 2011) *reversed by* 753 S.E.2d 537 (S.C. 2014) (holding that insurance policy provisions creating alternative methods of service are valid and binding on insurers).[3]  In sum, Plaintiff's service of process on the Secretary of State is insufficient.

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The court "must extend the time for service for an appropriate period," if the plaintiff shows good cause for the failure to effect service.  Fed. R. Civ. P. 4(m).  Plaintiff filed the summons and complaint in this action on February 6, 2020.  Following removal of the action on March 13, 2020, Plaintiff had 90 days, i.e., until June 11, 2020, to effect service on Defendant.  *See* 28 U.S.C. § 1448.

Plaintiff does not contest that it failed to provide sufficient process and argues instead that Defendant's activity to date in this lawsuit demonstrates it has waived personal jurisdiction and, alternatively, good cause exists for excusing the ineffective service.

---

[3] Plaintiff does not argue that it served Defendant pursuant to and in compliance with provisions specific to the Policy.

B.  **Waiver**

"The purpose of the summons is to acquire jurisdiction of the person of the defendant and to give him notice of the action and an opportunity to appear and defend." *State v. Sanders,* 110 S.E. 808, 810 (S.C. 1920). Without addressing the question, the parties appear to agree that South Carolina state law governs the issue of whether a party has waived challenges to personal jurisdiction and service. South Carolina law advises that waiver must be considered on a case by case basis and in light of the defendant's specific conduct regarding the lawsuit. *See, e.g., Stearns Bank Nat'l Assn. v. Glenwood Falls, LP*, 644 S.E.2d 793, 796 (S.C. App. 2007) ("An appearance may be expressly made by formal written or oral declaration, or record entry, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction"; "[n]o specific act constitutes an appearance . . . ."). Indeed, the parties here argue their respective positions by reviewing Defendant's conduct during the course of this lawsuit.[4]

However, federal waiver laws apply to actions removed from state court. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) (noting that "federal procedural rules govern a case that has been removed to federal court") (citing *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010)). *See also McPhearson v. Anderson*, 874 F. Supp. 2d 573, 578 (E.D. Va. 2012) ("[s]tate rules and procedures control the procedure for the filing of the action until removal to the federal court has been effected . . . .") (quoting *Mobil Oil Co. de Venezuela v. Jimenez*, 948 F.2d 1282, at *3 (4th Cir. 1991) (Table)); *Leach v. BB&T Corp.*, 232 F.R.D. 545, 549 (N.D.W. Va.) (stating that "Federal Rule of Civil Procedure 12(b) and its accompanying federal case law apply to the issue of waiver of the defense of ineffective service of process because

---

[4] Plaintiff focuses particularly on Defendant's participation in discovery since removing this case from state court. *See* ECF No. 20 at 4-5.

[defendants] filed their motion to dismiss pursuant to Rule 12(b) after the case had been removed to federal court").[5] Federal Rule of Civil Procedure 12(h)(1) states that a party waives any defense listed in Rules 12(b)(2)-(5) by failing to either make it by motion under Rule 12 or include it in a responsive pleading. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2004) (observing that any challenge to service of process must be made—"at the time the first significant defensive move is made whether it be by way of a Rule 12 motion or a responsive pleading"). Accordingly, the salient question is whether Defendant preserved its challenges in accordance with Rule 12(h).

The record clearly reflects that Defendant preserved both its objections to the court's exercise of personal jurisdiction and to the sufficiency of process. Beginning with the Notice of Removal, filed March 13, 2020, Defendant asserted a "full reservation of rights . . . including but not limited to defenses and objections on the basis of lack of personal jurisdiction, insufficient service of process, insufficient process, improper service, and the expiration of the statute of limitations." ECF No. 15-1 at 2 (quoting ECF No. 1 at 1-2). Defendant filed its answer one week later and raised as affirmative defenses: statute of limitations; lack of personal jurisdiction; insufficient service of process; insufficient process; and improper service. *Id.* (citing ECF No. 5 at 7-8). For these reasons the court finds no waiver.

Plaintiff argues that should the court decline to find waiver, good cause exists to extend the amount of time to serve Defendant under Rule 4(m) because:

> it would be unjust for Allstate to receive a procedural windfall when, without question, the stated purpose of the summons – to give Allstate notice of the action

---

[5] During the period between filing of the action in state court and its removal to the federal court, "a defendant may lose his right to challenge personal jurisdiction if he has taken any action which under state law will qualify as a waiver of such rights on his part." *Mobil Oil Co.*, 948 F.2d at *3. Plaintiff raises no contention that prior to removal Defendant conducted itself in a way in state court that effectively waived its right to challenge personal jurisdiction in this court.

> and the opportunity to appear and defend the action – has been achieved. Allstate has had counsel representing its interests and has faced no prejudice by engaging in the action on the merits.

ECF No. 20 at 10. The Fourth Circuit has identified the following six factors for the court to consider in determining whether good cause exists for granting an extension: 1) the delay in service was outside plaintiff's control; 2) defendant was evasive; 3) plaintiff acted diligently or made reasonable efforts; 4) plaintiff is proceeding pro se; 5) defendant will suffer prejudice; or 6) plaintiff asked for an extension of time under Rule 6(b)(1)(A). *Scott v. Maryland State Department of Labor*, 673 Fed. Appx. 299, 306 (4th Cir. 2016).[6]

Like Defendant, Plaintiff is represented by counsel. There is no suggestion that Defendant acted in a manner to evade service or otherwise acted in bad faith. The court acknowledges that Defendant clearly has received notice of the lawsuit and the court further acknowledges that, according to Defendant, the applicable statute of limitations now precludes Plaintiff from pursuing her claims.[7] The fact remains, however, that Plaintiff has failed to properly effect service during

---

[6] The Fourth Circuit has advised that while the purpose of service of process is to give notice to the defendant, "actual notice" is not the controlling standard. *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004).

[7] The court notes that Plaintiff does not argue this consideration as a basis for finding good cause to extend the time limit for effecting service. In any event, the court questions whether expiration of the applicable statute of limitations suffices on its own to demonstrate good cause. *See, e.g., Anderson v. City of Rock Hill*, No. 0:04-22892-CMC-BM, 2005 WL 3968035, at *2 (D.S.C. Apr. 15, 2005) (dismissing Title VII case without prejudice under Rule 4(m) finding no good cause to extend service deadline, noting that the plaintiff's statute of limitations had run and that, in such an instance, "'[w]ithout prejudice' does not mean 'without consequence'") (citation omitted); *Clyburne v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, at *7 (D.S.C. Sept. 28, 2012) ("The court is not unmindful of the fact that a dismissal of the Complaint may place the Plaintiff's claim outside the applicable statute of limitations. However, Plaintiff has provided no reasoned basis for the court to exercise discretion to extend the time for service beyond the deadline . . . . No authority has been provided to the court for the proposition that the fact that the Plaintiff's claim may be time barred upon dismissal of the case requires further extension of the deadline for service of process. Parties are accountable for the mistakes of their counsel").

the pendency of this litigation, despite being placed on notice of the issue as early as March 13, 2020, when Defendant filed the Notice of Removal, and again on March 20, 2020, when Defendant filed its Answer, and again on July 21, 2020, when Defendant filed the Motion. At no point prior to filing the response to the Motion has Plaintiff asked for an extension of time to properly effect service on Defendant. Rather than cure the defect, Plaintiff elected instead to rely on the waiver argument.

Plaintiff is responsible for establishing good cause, which "necessitates a demonstration of why service was not made within the time constraints." *Collins v. Thornton*, 782 Fed. Appx. 264, 267 (4th Cir. 2019) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). Federal Rule of Civil Procedure 1 admonishes both the court and the parties to a case to construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Rules governing civil procedure exist for a reason and Plaintiff has failed to show good cause for not complying with those rules. *See Scott*, 673 Fed. Appx. at 304 (advising that "'actual notice,' [] is not the controlling standard," and, that "[a]lthough actual notice typically warrants liberal construction of the rules, they 'are there to be followed, and plain requirements . . . may not be ignored.'") (citations omitted).[8]

The court finds that Plaintiff failed to properly serve Defendant and that Defendant has not waived its challenges to personal jurisdiction and insufficient process. The court further finds that Plaintiff has not demonstrated good cause for extending the period of time to effect service.

---

[8] The law in the Fourth Circuit is unsettled regarding whether a court may grant an extension under Rule 4(m) even absent a showing of good cause. *See, e.g., Clyburne*, 2012 WL 4478971, at *4-5 (comparing *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995) and subsequent, unpublished Fourth Circuit opinions, with *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996)). The court need not answer the question here because it would similarly decline to grant the extension even if a showing of good cause were not required.

Because the court lacks personal jurisdiction over Defendant,[9] it declines to reach Defendant's argument regarding statute of limitations. The Motion, ECF No. 15, is granted pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) and is otherwise denied. The complaint is dismissed without prejudice. The motion to compel, ECF No. 27, motion to seal, ECF No. 29, and consent motion to amend scheduling order, ECF No. 30, are denied as moot.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 13, 2020
Charleston, South Carolina

---

[9] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction [] is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'") (citation omitted).