# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sapphire Enterprises, LLC d/b/a As Seen on TV Plus and d/b/a As Seen on TV, by and through its Assignee, Madisyn Jecha,      )<br>     )<br>     )<br>     )<br>     )<br>          Plaintiff,     )<br>     )<br>v.     )<br>     )<br>Allstate Insurance Company,     )<br>     )<br>          Defendant.     )<br>_____)  | Civil Action No.: 2:20-cv-1054-MBS<br><br><br><br><br><br>**ORDER** |

This matter is before the court on the Motion to Alter or Amend Order and Judgment ("Motion to Amend") filed by Plaintiff Sapphire Enterprises, LLC d/b/a As Seen on TV Plus and d/b/a As Seen on TV ("Sapphire"), by and through its Assignee Madisyn Jecha (collectively, "Plaintiff"). ECF No. 33. The court has carefully reviewed the relevant filings and the applicable law and, for the reasons set forth in this order, denies the Motion to Amend.

## BACKGROUND

The factual background and procedural history of this case is thoroughly set forth in the order issued by this court on October 14, 2020, ECF No. 31 (the "Order") and the court assumes familiarity therewith. Plaintiff asserted causes of action for breach of contract and bad faith against Defendant Allstate Insurance Company ("Defendant"), Sapphire's insurer, predicated on Defendant's decision to decline to defend Sapphire in a state court action that Plaintiff initiated in 2016. Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) and for judgment on the pleadings pursuant to Rule 12(c) (the "Dispositive Motion"), arguing in relevant part that Plaintiff failed to provide sufficient process and that such

failure precluded the court from exercising personal jurisdiction over Defendant, and that the statute of limitations applicable to Plaintiff's claims had since run necessitating a ruling that the claims are time-barred. Plaintiff opposed the Dispositive Motion on the bases that Defendant had made a voluntary appearance in the action and elected to defend itself on the merits and that Defendant's conduct evidences a waiver to any challenge to the court's exercise of personal jurisdiction over it. Plaintiff did not address Defendant's argument regarding the statute of limitations.

The court found that Plaintiff's service of process on the Secretary of State was insufficient under South Carolina law to effect service on Defendant. The court also found that federal law governs the question of waiver in this matter and concluded that Defendant had preserved its objections to the sufficiency of process and to the court's exercise of personal jurisdiction over it. Finally, in response to Plaintiff's contention raised in the opposition to the Dispositive Motion that good cause exists to extend the amount of time to serve Defendant, the court determined that Plaintiff had not demonstrated good cause for extending the deadline under Rule 4(m). Finding it lacked personal jurisdiction over Defendant, the court declined to reach the argument regarding statute of limitations and rather dismissed the complaint without prejudice.

On November 10, 2020, Plaintiff filed the Motion to Amend and a supporting memorandum raising numerous contentions. ECF Nos. 33, 33-1. Defendant filed a response on November 24, 2020, ECF No. 34, and Plaintiff filed a reply on December 1, 2020, ECF No. 35.

## LEGAL STANDARD

Plaintiff moves under Federal Rule of Civil Procedure 59(e), which provides that a party may move to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Fourth Circuit has advised that a Rule 59(e) motion is discretionary and should

be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). A motion seeking reconsideration of an order is not the proper vehicle for rehashing evidence, legal theories, or arguments that a party could have offered or raised prior to the court's entry of judgment. Rather, such a motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. As such, reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## DISCUSSION

Plaintiff asserts that amendment is appropriate so as to correct a clear error of law or to prevent manifest injustice and raises six arguments:

(1) Service of process on the Secretary of State was proper service under South Carolina Code Sections 15-9-245 and 15-9-300 because in its Answer to Plaintiff's Complaint Allstate denied being licensed in South Carolina and the Order wrongly assumed that South Carolina Code Section 15-9-270 was the only proper method of service;

(2) Service under South Carolina law was proper because South Carolina courts have never required exacting compliance with statutory service rules where a defendant has actual notice of the proceedings and because service of process is a distinct concept from personal jurisdiction and merely the procedural means by which a court gives notice to a defendant and asserts jurisdiction;

(3) Allstate waived the defense of insufficiency of service of process by delaying its assertion and participating through discovery in defending on the merits, especially when its purported reservation of the defense failed to specify the manner in which the requirements of service were not met;

(4) Allstate's conduct constitutes a voluntary appearance under Rule 4(d) of the South Carolina Rules of Civil Procedure;

3

>   (5) Good cause exists for the Court to extend the time in which to effect service of process because Plaintiff made reasonably diligent efforts to effect service and Allstate was evasive in defending on the merits while having failed to specify the manner in which the requirements of service were not met; and
>
>   (6) The Court should treat Plaintiff's opposition to Allstate's Motion to Dismiss and for Judgment on the Pleadings as a motion under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and find that excusable neglect exists to extend the time in which to effect service of process by delivery of the Summons and Complaint on the Director of the Department of Insurance.

ECF No. 33.

Defendant opposes the Motion to Amend and argues that Plaintiff is entitled to no relief under Rule 59(e) because Plaintiff improperly asserts both new arguments and arguments the court previously rejected. ECF No. 34. Defendant contends that Plaintiff had ample opportunity to argue that service of process on the Secretary of State was proper and that the court should permit additional time under Rule 6(b)(1)(B), and chose not to raise such arguments; and that Plaintiff has already raised and the court already addressed the other arguments regarding actual notice, waiver, and good cause.[1]

The court agrees with Defendant that relief under Rule 59 is not warranted. Plaintiff seeks relief based on arguments already presented in opposition to Defendant's motion and arguments it could have raised in opposition and chose not to. With respect to previously raised arguments,

---

[1] With respect to the fourth contention regarding voluntary appearance as a substitute for service, Defendant asserts that the argument is a new one the court should decline to entertain, and contends, should the court consider the argument, "South Carolina courts . . . have addressed the issue of [voluntary appearance] by determining whether the defendant waived any objection to the failure to file or serve a summons and to the lack of personal jurisdiction." ECF No. 34 at 9 (citing *Estate of Knight v. Whitten*, No. 2016-000748, 2018 WL 5099639, *1 (S.C. App. Sep. 19, 2018). For the reasons stated in the Order, the court finds no waiver. Furthermore, the court specifically noted in the Order that Plaintiff raised "no contention that prior to removal Defendant conducted itself in a way in state court that effectively waived its right to challenge personal jurisdiction . . . ." ECF No. 31 at 8 n.5. Whether the argument is styled as one of waiver or voluntary appearance, the court is not persuaded that Defendant conducted itself in such a way as to permit the court to exercise personal jurisdiction over it.

Plaintiff has identified no clear error of law in the Order and the court declines to revisit its ruling as to those matters. With respect to the newly raised arguments, Plaintiff has not shown that the court misapprehended the facts or arguments presented, or that manifest injustice would result absent the court vacating the Order. With respect to Plaintiff's first contention raised in the Motion to Amend, the court finds it noteworthy that Plaintiff did not in its opposition to the Dispositive Motion contest that it failed to provide sufficient process. With respect to Plaintiff's sixth contention, Plaintiff had the better part of a year to move under Rule 6(b)(1)(B) and did not, and the court does not find on the circumstances presented here that permitting Plaintiff such relief at this late date is appropriate. For very similar reasons the court finds no manifest injustice in maintaining its initial ruling. As noted in the Order, the court acknowledges that the applicable statute of limitations may pose an impediment to Plaintiff's continued pursuit of its claims.[2] However, the court declines to disturb its ruling on manifest injustice grounds because, simply put, Plaintiff was on notice of the precise nature of Defendant's insufficient service of process argument by, at the very latest, July 21, 2020, when Defendant filed the motion to dismiss. As of that date, if not in fact before, Plaintiff could have sought to cure the defect even while maintaining a position that service was proper or that Defendant had conducted itself in such a way as to permit the exercise of personal jurisdiction. Rather than attempt to cure the defect, Plaintiff elected instead to rely on the waiver argument. For these reasons the court finds that Plaintiff has not shown it is entitled to relief under Rule 59(e). The Motion to Alter or Amend Order and Judgment, ECF No. 33, is denied.

    **IT IS SO ORDERED.**

---

[2] The court makes no finding as to the statute of limitations argument.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

February 23, 2021
Charleston, South Carolina